UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**KEITH BREWER (#168208)**  CIVIL ACTION NO.

**VERSUS**  24-41-JWD-EWD

**SAUNDRA ROSSO**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 2, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**KEITH BREWER (#168208)**                              **CIVIL ACTION NO.**

**VERSUS**                                              **24-41-JWD-EWD**

**SAUNDRA ROSSO**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint of Plaintiff Keith Brewer ("Brewer") who is representing himself and who is confined at the Louisiana State Penitentiary in Angola, Louisiana. Based on the screening permitted by 28 U.S.C. § 1915(e), and required by 28 U.S.C. § 1915A, it is recommended that Brewer's claims be dismissed as legally frivolous and for failure to state a claim and that the Court decline to exercise supplemental jurisdiction over Brewer's potential state law claims.

**I.  BACKGROUND**

Brewer filed this suit on or about January 19, 2024 against Saundra Rosso ("Defendant") under 42 U.S.C. § 1983 alleging Defendant violated his constitutional rights by stealing from his inmate accounts.[1] Brewer seeks monetary damages.[2]

**II.  LAW & ANALYSIS**

**A.  Standard of Review**

This Court is authorized to dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be

---

[1] R. Doc. 1.
[2] R. Doc. 1, p. 5.

granted.³  The screening process gives the court the ability early in the case to separate those claims that may have merit from those that lack a basis in fact or in law.  Dismissal of any claim that does not pass screening may be made before service of process or before any defendant has answered.  Brewer has sued a government official, so his claims are subject to the screening process.

To determine whether a complaint fails to state a claim for purposes of screening under §§ 1915(e) and/or 1915A, courts apply the same standard used for dismissal under Federal Rule of Civil Procedure 12(b)(6).⁴  This means the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.⁵  To survive screening, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"⁶  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."⁷  For a complaint to survive dismissal, it must contain enough factual information to raise a reasonable expectation that discovery will provide evidence of each element of the plaintiff's claim.⁸

### B. Brewer Cannot State a Federal Constitutional Claim for the Alleged Theft of Funds from his Inmate Accounts

Brewer alleges that Defendant has stolen money from his inmate accounts.⁹  An unauthorized negligent, or even intentional, wrongful taking of property by a state employee does

---

³ 28 U.S.C. §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP").  28 U.S.C. §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff.  Brewer was granted IFP status on March 1, 2024, so both statutes apply.  R. Doc. 3.
⁴ *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
⁵ *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
⁶ *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
⁷ *Id.*
⁸ *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc*., 565 F.3d 228, 255-57 (5th Cir. 2009).
⁹ R. Doc. 1, p. 4.

2

not amount to a violation of the procedural requirements of due process if a meaningful state post-deprivation remedy for the loss is available.[10] The random and unauthorized act of stealing from an inmate account is like a deprivation of property claim, and as long as meaningful post-deprivation remedies for the loss are available, the deprivation does not amount to a violation of due process.[11] Further, the burden is on the plaintiff (here, Brewer) to show that available state post- deprivation remedies are not adequate.[12] Here, Brewer has not alleged that state post-deprivation remedies are unavailable or are inadequate. To the contrary, Louisiana law provides a basis for Brewer to sue the Defendant for recovery of the money allegedly taken from his inmate accounts.[13] Accordingly, Brewer fails to state a federal claim for alleged loss of property without due process.[14]

---

[10] *Hudson v. Palmer,* 468 U.S. 517, 533 (1984); *Parratt v. Taylor,* 451 U.S. 527, 542 (1981). This is commonly referred to as the "Parratt/Hudson Doctrine."

[11] *Hawes v. Stephens*, 964 F.3d 412, 418 (5th Cir. 2020) ("a state actor's unauthorized deprivation of an inmate's prison account funds does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available.") (internal quotation marks and citations omitted). A random and unauthorized deprivation is distinguishable from instances where the deprivation results from "established state procedure, rather than random and unauthorized action," in which case the adequate state remedy analysis does not apply. *See Savage v. LeBlanc*, No. 20-811, 2021 WL 7707263 at *3 (M.D. La. Sept. 14, 2021), citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982).

[12] *Marshall v. Norwood,* 741 F.2d 761, 764 (5th Cir. 1984). *See also, Batiste v. Lee*, No. 09-674, 2009 WL 2708111 (W.D. La. Aug. 26, 2009) (dismissing *pro se* prisoner's claims for deprivation of property as frivolous and for failing to state a claim based on the *Parratt/Hudson Doctrine*)

[13] *Marshall*, 741 F.2d at 763 (noting that Louisiana Civil Code article 2315 provides post-deprivation remedies for negligence or intentional torts). The Louisiana Administrative Code also has a specific procedure for inmates to make lost property claims. La. Admin. Code tit. 22, Part I(L). If it is provden that the inmate's property was lost by prison officials, the inmate may recover the reasonable value of the property or may be entitled to state issued replacement property. *See also Bernard v. Plywood*, No. 18-531, 2018 WL 3381495, at *2 (W.D. La. June 18, 2018) (specifically noting that Louisiana law provides inmates the opportunity to seek redress in state court if money is stolen from their inmate accounts).

[14] Though "[o]rdinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed…[g]ranting leave to amend…is not required if the plaintiff has already pleaded her best case." *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (internal quotation marks omitted). Brewer has pleaded his best case, and there is simply no avenue under federal law for Brewer's complaints about money stolen from his account to proceed in federal court. Therefore, he should not be given leave to amend.

### C. Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Brewer wants this Court to exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. District courts are given "wide latitude" in their disposition of state law claims,[15] and "[t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial."[16] Having recommended that Brewer's federal claims be dismissed for failure to state a claim, it is further recommended that the Court decline to exercise supplemental jurisdiction over any potential state law claims.

### RECOMMENDATION

**IT IS RECOMMENDED** that the exercise of supplemental jurisdiction be declined, and that Brewer's federal claims be **DISMISSED WITH PREJUDICE**, for failure to state a claim based on screening under 28 U.S.C. §§ 1915(e) and 1915A.[17]

Signed in Baton Rouge, Louisiana, on December 2, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[15] *See Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011), quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 727 (1966).

[16] *Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009); *see also Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989))).

[17] Brewer is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the Ruling in this matter will count as a strike.